# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>      Plaintiff,<br><br>  v.<br><br>TERESSITA DIRIGE, et al.,<br><br>      Defendants. | 1:15-cv-01833-AWI-BAM<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 1)<br><br><br>THIRTY-DAY DEADLINE |

      Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Plaintiff complaint, filed on December 8, 2015, is currently before the Court for screening pursuant to 28 U.S.C. § 1915.

**I.    Screening Requirement**

      "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

      A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

## II.     Allegations in Complaint

Plaintiff names the following defendants:  (1) Teressita Dirige; (2) Katthleen O' Brian; (3) Pam Ahlin; (4) Jessica C.; (5) Kim Wyatt; (6) Jessica Prown; (7) Samantha Perryman; (8) Stsfeni Vally; (9) Lora Celis; (10) Ruth Muthima; (11) Audry King; (12) Earick James; and (13) Brandon Price.

Plaintiff alleges as follows:

> Plaintiff was assalted while standing in the medichion line too receve his medichions the following defendants violited plaintiffs constutional rights rule 30 and rule 26 which clearly states that plaintiff has a undiputed right to be protected at all time by the defendants haveing custodt of plaintiff subsequent to certification that movant has ingood faith conferred or attempted to confer with outher affected parties to resolve this dispute without court atctio by filling a patients rights complaint which was dissmissed at all levels . Civ R. 26 (c) (1) all defendants with thecepthions of Pam Ahlin and Audry King and Brandon Price responded to an alarm in unit 1 of coalinga state hospital nun of the stated defendants made eney attempt to protect plaintiff defendants Ahlin and King and Price failed to punish the patients that assalted plaintiff and protect plaintiff by placing him in a single room where he is the soule person living in that room hence forth plaintiff would be out of harms way plaintiff is still in harms way too this very day due too sead employees failure to comply to the constution and the law of the state of californis conserning this matter.

(ECF No. 1, p. 2) (unedited text).

## III.     Discussion

### A.  Federal Rule of Civil Procedure 11

Plaintiff reports that he has brought only 1 lawsuit while in custody, Cranford v. State of California, Case No. 1:14-cv-00749-DLB PC.  (ECF No. 1, p. 1).  However, a review of the Court's own records reveals that Plaintiff's assertion is not only a misrepresentation, but also patently false.  A court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).  Therefore, the Court takes judicial notice of the

fact that Plaintiff, while a civil detainee, has initiated more than thirty previous cases with is Court concerning his conditions of confinement.[1]

In the past, Plaintiff has been sanctioned and has been admonished for not being truthful in his representations to the Court.  See Cranford v. Ahlin, 1:11-cv-01199-GBC, ECF No. 6; Cranford v. Valley, 1:13-cv-0533 JLT, ECF No. 6.  Plaintiff also has been declared a vexatious litigant subject to a pre-filing order for each new *in forma pauperis* case he files in this Court after September 27, 2016.  See Cranford v. Crawford, Case No. 1:14-cv-00055-AWI-MJS, ECF No. 77.

In light of Plaintiff's repeated disregard of his Rule 11 obligations, he is admonished that any future violations in this action may result in the issuance of sanctions.  Fed. R. Civ. P. 11; Local Rule 110.

**B.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Here, Plaintiff's complaint is short, but does not contain a plain statement of his claims showing that he is entitled to relief.  Plaintiff's complaint is disjointed and difficult to understand, filled with typographical errors and conclusory statements.  Plaintiff's limited factual allegations are not sufficient to clearly state what happened, when it happened and who was

---

[1] As a representative sample, the Court identifies of the following ten cases: (1) Cranford v. Medina, Case No. 1:13-cv-00210-EPG; (2) Cranford v. Perryman, Case No. 1:13-cv-00581-MJS; (3) Cranford v. Perryman, Case No. 1:13-cv-00763; (4) Cranford v. Perryman, 1:13-cv-853-GSA; (5) Cranford v. Perryman, Case No. 1:13-cv-00854-SKO; (6) Cranford v. King, Case No. 1:13-cv-01658-SKO; (7) Cranford v. Smith, Case No. 1:13-cv-01886-LJO-BAM; (8) Cranford v. Crawford, Case No. 1:14-cv-00055-AWI-MJS; (9) Cranford v. Wyatt, Case No. 1:14-cv-00136-GSA; and (10) Cranford v. Tinna, Case No. 1;14-cv-00171-SAB.

involved.  Plaintiff also does not identify whether defendants are employees of Coalinga State Hospital and, if so, what their positions or titles are at the hospital.

### C. Fourteenth Amendment

As a civil detainee, Plaintiff's right to personal safety is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321-22).  Thus, to avoid liability, defendants' decisions must be supported by "professional judgment." Youngberg, 457 U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base the decision on such a judgment." Youngberg, 457 U.S. at 323.

Here, Plaintiff's allegations fail to state a claim for failure to protect under this standard. The Court cannot ascertain from Plaintiff's conclusory statements what happened, where it happened or what the individual defendants did or did not do that violated Plaintiff's constitutional rights.  Further, Plaintiff's allegation concerning the type of punishment meted out to other patients does not implicate Plaintiff's own Due Process rights.

### IV.   Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.  The Court will grant Plaintiff an to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed with leave to amend;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 21, 2016**         /s/ Barbara A. McAuliffe            
                                                              UNITED STATES MAGISTRATE JUDGE