# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD, | ) 1:15-cv-01833-AWI-BAM |
| Plaintiff, | ) SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | ) (ECF No. 9) |
| TERESSITA DIRIGE, et al., | ) |
| Defendants. | ) THIRTY-DAY DEADLINE |

Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. On November 22, 2016, the Court dismissed Plaintiff's complaint with leave to amend within thirty days. (ECF No. 8). Plaintiff's first amended complaint, filed on December 5, 2016, is currently before the Court for screening pursuant to 28 U.S.C. § 1915.

**I.     Screening Requirement**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173

1

L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

## II.     Allegations in Complaint

Plaintiff names the following defendants:  (1) Teressita Dirige; (2) Kathleen O' Brian; (3) Pam Ahlin; (4) Jessica C.; (5) Kim Wyatt; (6) Jessica Prown; (7) Samantha Perryman; (8) Stefeni Vally; (9) Lora Celis; (10) Ruth Muthima; (11) Audry King; (12) Earick James; and (13) Brandon Price.

Plaintiff alleges as follows:

> All defendants have failed to protect plaintiff from dangeres patients on the day in question plaintiff was standing in the unit medichion line about to receve his medichion when the patents standing behind the plaintiff all at once set on plaintiff with fisdts and feet and not one defendant steped in to try and help the plaintiff now the consution states that the defendants dose not have to run and stop or try and stop an assault but each has a personal alaarm that could have been sounded and not one too action pluss after a complaint was written there was no response reandered with in the given amount of time given thus all defendants are libal to plaintiff for not provideing a safe living space  .

(ECF No. 9, p. 1) (unedited text).

## III.    Discussion

### A.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of

section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Here, Plaintiff fails to link the individual defendants to a constitutional violation. Plaintiff may not simply lump all defendants together in his complaint. Plaintiff will be given a final opportunity to cure this deficiency. If Plaintiff elects to amend his complaint, he must allege *what each individual defendant did or did not do* that resulted in a violation of his rights. He may not generally allege that not one defendant stepped in to help him. Rather, he must identify whether these defendants actually were present and witnessed the events. Moreover, as discussed more fully below, he must identify whether any of the defendants were employees of Coalinga State Hospital, and if so, their titles or job positions.

### B. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Here, Plaintiff's first amended complaint is short, but does not contain a plain statement of his claims showing that he is entitled to relief. Plaintiff appears to allege that on some unidentified date he was attacked by other patients while standing in the medication line and "not one defendant" stepped in to try and help or sounded a personal alarm. Plaintiff's limited factual allegations are not sufficient to clearly state when this event happened, who was involved, whether defendants are employees of Coalinga State Hospital, and whether any of the defendants witnessed the alleged incident. Plaintiff will be given one final opportunity to amend his complaint to state a claim.

### C. Fourteenth Amendment

As a civil detainee, Plaintiff's right to personal safety is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321-22). Thus, to avoid liability, defendants' decisions must be supported by "professional judgment." Youngberg, 457 U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base the decision on such a judgment." Youngberg, 457 U.S. at 323.

Here, Plaintiff's allegations fail to state a claim for failure to protect under this standard. The Court cannot ascertain from Plaintiff's conclusory statements what happened, where it happened or what the individual defendants did or did not do that violated Plaintiff's constitutional rights.

### D. Federal Rule of Civil Procedure 11

During the course of screening Plaintiff's initial complaint, the Court noted Plaintiff's representation that he had brought only one (1) lawsuit while in custody, Cranford v. State of California, Case No. 1:14-cv-00749-DLB PC. (ECF No. 8, p. 3). The Court found this representation to be patently false because Plaintiff had initiated more than thirty (30) prior cases concerning his conditions of confinement while a civil detainee. (Id. at pp. 2-3). Additionally, the Court determined that not only had Plaintiff been sanctioned and admonished for not being truthful in his representations to the Court, but also had been declared a vexatious litigant subject to a pre-filing order for each new in forma pauperis case filed in this Court after September 27, 2016. (Id. at p. 3). In light of Plaintiff's repeated disregard of his Rule 11 obligations, the Court admonished Plaintiff that any future violations in this action may result in the issuance of sanctions. Fed. R. Civ. P. 11; Local Rule 110.

To date, Plaintiff has failed to correct his misrepresentations to this Court. This failure is troubling, and prevents the Court from determining whether Plaintiff has pursued identical claims in prior actions. For instance, the Court notes that Plaintiff pursued similar failure to protect claims against Defendant Dirige ("and company"), without success, in <u>Cranford v. Dirige, et al.</u>, Case No. 1:14-cv-01101-BAM. Plaintiff may not attempt to revive those dismissed claims in this action.

If Plaintiff elects to amend his complaint, then his amended complaint must contain a list all other previous or pending lawsuits on additional page, identifying the case name, case number and result. Plaintiff's failure to comply with this directive will result in the imposition of sanctions, which may include dismissal of this action.

### IV.     Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. The Court will grant Plaintiff one **final opportunity** to cure the identified deficiencies to the extent he is able to do so in good faith. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed with leave to amend;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint;

4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim; and

5. If Plaintiff's second amended complaint fails to include a list of all other previous or pending lawsuits, Plaintiff will be subject to sanctions, including possible dismissal of this action.

IT IS SO ORDERED.

Dated: **December 16, 2016**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE