# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>    Plaintiff,<br><br>v.<br><br>TERESSITA DIRIGE, et al.,<br><br>    Defendants. | 1:15-cv-01833-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF THIS ACTION<br><br>(ECF No. 11)<br><br>**Fourteen-Day Deadline** |

Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. On December 16, 2016, the Court dismissed Plaintiff's first amended complaint with leave to amend. (ECF No. 10.) Plaintiff's second amended complaint, filed on January 6, 2017, is currently before the Court for screening pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court will recommend that this action be dismissed for failure to state a claim, failure to comply with Federal Rule of Civil Procedure 8 and failure to obey a court order.

**I.    Screening Requirement**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

## II. Allegations in Second Amended Complaint

Plaintiff names the following defendants: (1) Teressita Dirige; (2) Kathleen O' Brian; (3) Pam Ahlin; (4) Jessica C.; (5) Kim Wyatt; (6) Jessica Prown; (7) Samantha Perryman; (8) Stefeni Vally; (9) Lora Celis; (10) Ruth Muthima; (11) Audry King; (12) Earick James; and (13) Brandon Price.

Plaintiff alleges as follows:

> Now comes plaintiff which staes that each defendant is sued in there indivijual capacity and each acted on there owen acord plaintiff was standing in the unit medichion line whateing to receve his medichion when he as assalted by several fellow patients the assalt lasted about one minent the reason for the assalt was due to a complaint that plaintiff filed all defendants was made awaire of the assalting takeing place when the medichion room person sounded an alarm yet the acalt continued at this point all defendants where awaire of the event that was takeing place and took no action to help the plaintiff it is all defendants job to ateampt to help the plaintiff instud all stude and watched the plaintiff bee assalted.

(ECF No. 11, p. 1) (unedited text).

## III. Discussion

### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v.

Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link the individual defendants to a constitutional violation. As Plaintiff was previously advised, he may not simply lump all defendants together in his complaint. Plaintiff has failed to allege *what each individual defendant did or did not do* that resulted in a violation of his rights. He may not generally allege that "all defendants" stood and watched him be assaulted. Plaintiff also has not identified whether any of the defendants were present when the assault began or whether they arrived after it was over. Instead, Plaintiff suggests that an alarm was sounded, which alerted defendants to the assault, but that the assault lasted only one minute. Moreover, as discussed more fully below, Plaintiff has failed to identify whether any of the defendants were employees of Coalinga State Hospital, and if so, their titles or job positions.

**B. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Here, Plaintiff's second amended complaint is short, but does not contain a plain statement of his claims showing that he is entitled to relief. Plaintiff appears to allege that on some unidentified date he was attacked by other patients while standing in the medication line and defendants watched him be assaulted at some point after an alarm was sounded. Plaintiff's

limited factual allegations are not sufficient to clearly state when this event happened, who was involved, whether defendants are employees of Coalinga State Hospital, and which, if any, of the defendants were present when the alleged assault began.

**C. Fourteenth Amendment**

As a civil detainee, Plaintiff's right to personal safety is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321-22). Thus, to avoid liability, defendants' decisions must be supported by "professional judgment." Youngberg, 457 U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base the decision on such a judgment." Youngberg, 457 U.S. at 323.

Here, Plaintiff's allegations fail to state a claim for failure to protect under this standard. The Court cannot ascertain from Plaintiff's conclusory statements what happened, when it happened, where it happened or what the individual defendants did or did not do that violated Plaintiff's constitutional rights.

**D. Federal Rule of Civil Procedure 11**

During the course of screening Plaintiff's initial complaint, the Court noted Plaintiff's representation that he had brought only one (1) lawsuit while in custody, Cranford v. State of California, Case No. 1:14-cv-00749-DLB PC. (ECF No. 8, p. 3). The Court found this representation to be patently false because Plaintiff had initiated more than thirty (30) prior cases concerning his conditions of confinement while a civil detainee. (Id. at pp. 2-3). Additionally, the Court determined that not only had Plaintiff been sanctioned and admonished for not being truthful in his representations to the Court, but also had been declared a vexatious litigant subject to a pre-filing order for each new in forma pauperis case filed in this Court after September 27, 2016. (Id. at p. 3). In light of Plaintiff's repeated disregard of his Rule 11 obligations, the Court

4

admonished Plaintiff that any future violations in this action may result in the issuance of sanctions. Fed. R. Civ. P. 11; Local Rule 110.

To date, Plaintiff has failed to correct his misrepresentations to this Court. This failure remains troubling, and prevents the Court from determining whether Plaintiff has pursued identical claims in prior actions. For instance, the Court notes that Plaintiff pursued similar failure to protect claims against Defendant Dirige ("and company"), without success, in <u>Cranford v. Dirige, et al.</u>, Case No. 1:14-cv-01101-BAM. Plaintiff may not attempt to revive those dismissed claims in this action.

In the Court's prior order issued on December 16, 2016, Plaintiff was informed that his amended complaint must contain a list of all other previous or pending lawsuits on an additional page, identifying the case name, case number and result. Plaintiff was warned that his failure to comply with that directive would result in the imposition of sanctions, which could include dismissal of this action.

Plaintiff's second amended complaint does not contain a list of his previous or pending actions. The Court therefore finds that Plaintiff's failure to comply with the Court's order is willful and provides an additional ground supporting the recommendation to dismiss this action. Local Rule 110 ("[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court"); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to state a cognizable claim and fails to comply with Federal Rule of Civil Procedure 8. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint, and further leave to amend is not warranted. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff also has failed to comply with the Court's order regarding his previous and pending litigation.

Based on the foregoing, it is HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, for failure to state a claim, failure to comply with Federal Rule of Civil Procedure 8 and failure to obey the Court's order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 7, 2017**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE